**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ERIE INSURANCE EXCHANGE a/s/o
WILLIAM and BARBARA FISHER,

     Plaintiff,

          v.

MIDEA AMERICA CORPORATION,

     Defendant.

CIVIL ACTION NO. 3:16-cv-01037

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is Plaintiff Erie Insurance Exchange's ("Erie") Motion to Remand (Doc. 10) this matter to the Court of Common Pleas of Monroe County pursuant to Fed. R. Civ. Pro. 12. For the reasons that follows, the motion will be granted.

## I. Background

Erie originally filed this lawsuit in the Court of Common Pleas of Monroe County on April 22, 2016. Defendant, Midea America Corporation, filed a Notice of Removal on May 31, 2016, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

According to Defendant's Notice of Removal, Midea America Corporation is a corporation organized and existing under the laws of the State of Florida, with a principal place of business in New Jersey. (Doc 1, ¶ 7). Therefore, Defendant is a citizen of Florida and New Jersey.

Erie filed the instant motion to remand arguing that, as an unincorporated association, it bears the citizenship in each state in which one of its members is a citizen. (Doc. 10, at 2-5). Erie asserts that its policyholders, some of whom are citizens of Florida and New Jersey, are its members, thereby destroying diversity. *Id*. Defendant, on the other hand,

argues that policyholders are not members of a reciprocal insurance exchange and, as such, Erie fails to establish that it is a citizen of New Jersey or Florida and this matter must remain in this Court. (Doc. 12-1, at 4).

## II. Discussion

A civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim. 28 U.S.C. § 1441(a). "Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court," pursuant to 28 U.S.C. § 1332(a), and thus "a state court case that implicates diversity jurisdiction" may generally be removed. *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir.1996). Jurisdiction under § 1332(a) requires "complete diversity," meaning that "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir.2003).

Unlike corporations, unincorporated associations "are not considered 'citizens' as that term is used in the diversity statute." *Id*. at 105 (quoting *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)). Rather, the citizenship of unincorporated associations is determined by " 'the citizenship of [their] partners or members.' " *Lincoln Ben. Life Co.*, 800 F.3d at 105 (quoting *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420). The state of organization and the principal place of business of an unincorporated association are legally irrelevant. *Id*. (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013)); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) ("For these unincorporated entities, we . . .

2

have adhere[d] to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all [its] members.") (citations and quotations omitted).

The parties do not dispute that Erie is a reciprocal insurance exchange. Accordingly, as a matter of law, Erie is an unincorporated association and its citizenship hinges on the citizenship of its members. *See Themis Lodging Corporation v. Erie Insurance Exchange*, 2010 WL 2817251, *1 (N.D. Ohio July 16, 2010) (citing *Brown v. Farmers Ins. Co.*, 2007 WL 496669 (E.D. Mich 2007)) ("Courts have long recognized that reciprocal exchange insurance associations, like [Plaintiff], do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member.");  *see also True v. Robles*, 571 F.3d 412, 422 n. 2 (5th Cir.2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006); *George H. Draper, III, Inc. v. Canners Exch. Subscribers at Warner Inter-Ins. Bureau*, 294 F.Supp. 1362, 1363 (D. Del. 1968).

Defendant asserts that some federal courts have split as to whether subscribers to a reciprocal insurance exchange are members or merely customers of the exchange. *Compare Nevada Capital Ins. Co. v. Farmers Ins. Exchange*, 2014 WL 6882342 (D. Nev. Dec. 4, 2014); *James G. Davis Const. Corp. v. Erie Ins. Exchange*, 953 F.Supp.2d 607 (D. Md. 2013); *James River Ins. Co. v. Cast & Assocuates, Inc.*, 2012 WL 1190891 (D. Ariz. Mar. 5, 2012) *with Garcia v. Farmers Ins. Exch.*, 121 F.Supp.2d 667, 669 (N.D. Ill. 2000). However, there is no dispute among the courts in this Circuit that policyholders in a reciprocal insurance exchange are its members. *See Erie Ins. Exch. v. Research Prods. Corp.*, 2016 WL 1238811, at *1 (W.D. Pa. Mar. 30, 2016); *Erie Ins. Exch. v. Greenwich Ins. Co.*, 2016 WL 1404162, at *1 (E.D. Pa. Apr. 11, 2016); *First Colonial Ins. Co. v. Custom*

3

*Flooring, Inc.*, 2007 WL 1175759, at *2 (D.N.J. Apr. 17, 2007); *see also Erie Ins. Exch. vs. Synergy Insulation. Inc.*, No. 15-cv-6417 (E.D. of Pa. Mar. 9, 2016).

As Erie has its members in New Jersey and Florida, it is a citizen of those states. Defendant is also a citizen of New Jersey and Florida. Therefore, federal diversity jurisdiction does not exist and this matter must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12.

### III. Conclusion

For the foregoing reasons, Erie's Motion to Remand (Doc 10) this matter to the Court of Common Pleas of Monroe County will be granted.

An appropriate order follows.


November 22, 2016                              /s/ A. Richard Caputo     
Date                                              A. Richard Caputo
United States District Judge

4